UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **NEV ARAS** | **CASE NO.  2:22-CV-05617** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **SECURED RISK INSURANCE GROUP INC** | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM RULING

Before the Court is Defendant Crawford & Co.'s ("Crawford") Rule 12(b)(6) Motion to Dismiss (Doc. 10). The motion is unopposed.

### I.  BACKGROUND

This lawsuit arises from a policy coverage dispute resulting from losses sustained from Hurricane Delta on October 9, 2020, to Plaintiff Nev Aras's property located at 2207 Barbe Street, Lake Charles, Louisiana 70601.[1] Plaintiff's property was insured by Defendant Secured Risk Ins. Group, Inc. ("Secured Risk") under policy number EZ400032540.[2] On October 7, 2022, Plaintiff sued Secured Risk for damages for breach of contract and for breach of duty of good faith and fair dealing under Louisiana Revised Statutes sections 22:1892 and 22:1973.[3]

On November 10, 2022, Plaintiff filed his first amended complaint adding Defendant Certain Underwriters of Lloyd's of London ("Lloyd's").[4] On March 7, 2023, Plaintiff filed his second amended complaint adding Defendants Aon Edge Insurance

---

[1] Doc. 1, p. 2.
[2] *Id.* at 1.
[3] *Id.* at 4–6.
[4] Doc. 5.

Agency, Inc. ("Aon") and Crawford.[5] Plaintiff alleges that he contracted with Lloyds through Aon to insure his property but also claims he contracted with Secured Risk to insure his property.[6] After Hurricane Delta, Plaintiff claims he made a claim for damages with Aon through its adjusting firm Crawford.[7] Plaintiff acquired his own repair estimate from Quality Exterior Services, which totaled $68,800.00.[8] Plaintiff also claims contents losses of $51,927.00.[9] Plaintiff claims that Defendants have made insufficient payments, which entitles him to damages under Louisiana law.[10]

## II. LEGAL STANDARD

Rule 12(b)(6) allows for dismissal when a plaintiff "fail[s] to state a claim upon which relief can be granted." When reviewing such a motion, the court should focus on the complaint and its attachments. *Wilson v. Birnberg*, 667 F.3d 591, 595 (5th Cir. 2012). The Court can also consider documents attached to a motion to dismiss that are "referred to in the plaintiff's complaint and are central to the plaintiff's claim" only if "the plaintiff[] d[oes] not object to . . . consideration of those documents." *Scanlan v. Texas A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003). Courts "may also consider matters of which [it] may take judicial notice." *Hall v. Hodgkins*, 305 Fed. App'x 224, 227 (5th Cir. 2008) (internal citation omitted) (quoting *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017–18 (5th Cir.1996) (unpublished opinion)).

---

[5] Doc. 7., p. 2.
[6] *Id.* at 3.
[7] *Id.* at 2.
[8] *Id.* at 4.
[9] *Id.*
[10] *Id.*

Such motions are reviewed with the court "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff." *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 461 (5th Cir. 2010). However, "the plaintiff must plead enough facts 'to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Accordingly, the court's task is not to evaluate the plaintiff's likelihood of success but instead to determine whether the claim is both legally cognizable and plausible. *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010).

### III. LAW & ANALYSIS

Here, Crawford, the adjusting company, argues that Plaintiff does not have a claim against it under Sections 22:1892 and 22:1973 because those statues impose a duty only on the insurer.[11] Furthermore, Crawford asserts that a claims adjuster has no duty to an insured.[12] Crawford also argues that Plaintiff has not asserted any claims of fraud against it.[13] Crawford's arguments are unopposed.

Sections 22:1892 and 22:1973 impose a duty on insurers not independent adjusters. Furthermore, a claims adjuster, as the disclosed agent of another, has no duty to the insured. La. Civ. Code art. 3016 ("A mandatary who contracts in the name of the principal within the limits of his authority does not bind himself personally for the performance of the contract."). Independent adjusters, however, may be liable to the insured for delictual acts of fraud or intentional misrepresentation under Louisiana Civil Code article 1953. *See*

---

[11] Doc. 10-1, p. 4.
[12] *Id.*
[13] *Id.* at 5–6.

*Pellerin v. Cashway Pharmacy of Franklin, Inc.*, 396 So. 2d 371, 373 (La. Ct. App. 1981). Plaintiff's second amended complaint, however, is devoid of any fraud or intentional misrepresentation claims. Additionally, Plaintiff does not dispute Crawford's argument that it should be dismissed from this action.

### IV. CONCLUSION

For the aforesaid reasons,

**IT IS ORDERED** that Defendant Crawford & Co.'s Rule 12(b)(6) Motion to Dismiss (Doc. 10) will be **GRANTED**.

**THUS DONE AND SIGNED** in Chambers on this 9th day of June 2023.

_____
JAMES D. CAIN, JR.
UNITED STATES DISTRICT JUDGE